UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **MICHAEL HAMM, JILL BROWN, AUSTIN RUSSELL, CHRISTIAN LAMMEY, NANCY JAMES, JILL WITTMAN,** and **THOMAS MACONE,** individually and on behalf of themselves and all others similarly situated,<br><br>v.<br><br>**SHARP ELECTRONICS CORPORATION**,<br><br>Defendant. | **Civil Action: 5:19-cv-00488**<br><br>Judge James S. Moody, Jr.<br><br>Magistrate Judge Philip R. Lammens |

**[PROPOSED] PRELIMINARY APPROVAL ORDER**

This matter is before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of the Settlement Agreement that Plaintiffs Michael Hamm, Jill Brown, Austin Russell, Christian Lammey, Nancy James, Jill Wittman, and Thomas Macone ("Plaintiffs") have reached with Defendant Sharp Electronics Corporation ("Sharp"). In connection with that Motion, the Court has considered and reviewed the following materials: (1) Plaintiffs' Unopposed Motion for Preliminary Approval of the Settlement (the "Motion"), along with its accompanying declarations and other materials; and (2) the Settlement Agreement and Release and the exhibits attached thereto (the "Settlement Agreement").[1] In addition, the Court has considered the arguments of counsel as well as the pleadings and record in this case. As part of the Settlement Agreement, Sharp is not objecting to the certification of the Settlement Class for settlement purposes only. Having considered all the foregoing materials and information, this Court finds that there is good cause for granting the Motion.

---

[1] Unless otherwise stated, all defined terms herein have the meaning given to such terms in the Settlement Agreement.

**THEREFORE, IT IS HEREBY ORDERED:**

**<u>Conditional Certification of Settlement Class</u>**

1.      For purposes of this proposed Settlement only, and pending final approval of the Settlement Agreement after a Final Approval Hearing, the Court finds that the prerequisites for a class action set forth pursuant to Rule 23 of the Federal Rules of Civil Procedure have been met, and, therefore, the Court provisionally certifies a nationwide Settlement Class consisting of the following, as more fully defined in paragraph 1.37 of the Settlement Agreement:

> All persons residing in the United States who, at any time during the Class Period, became the First Consumer Purchaser of a Class Microwave.

2.      The Court finds that, based on Plaintiffs' Motion for Preliminary Approval, which Sharp is not opposing for purposes of this Settlement only[2] that:

   a.   The Settlement Class satisfies the requirements of Rule 23(a).  The members of the Settlement Class are so numerous that joinder is impracticable; there are questions of law or fact common to the Settlement Class; Plaintiffs' claims are typical of the claims of the Settlement Class; and Plaintiffs and Class Counsel will fairly and adequately represent the interests of the Settlement Class;

   b.   The Settlement Class also satisfies the requirements of Rule 23(b)(3) because this Court finds that issues of law and fact common to the Settlement Class predominate over any issues affecting only individual members of the Settlement Class, and that

---

[2] For purposes of approval of the Settlement, Sharp does not oppose the Motion.  In the event the Settlement is not approved, Sharp reserves all rights, including, without limitation, (i) to respond to and oppose the consolidated complaint filed herein, including on jurisdictional grounds, (ii) to challenge Plaintiffs' position as to satisfaction of each of the requirements for Rule 23 as to the proposed Class, and (iii) to oppose Plaintiffs' assertions on any claims.  In the event the Settlement is not approved, Plaintiffs reserve the right to amend the Consolidated Complaint.

settlement of this Action as a class action is superior to other means available for

fairly and efficiently resolving the controversy; and

     c.   The class definition is sufficiently ascertainable such that an individual can

         ascertain whether he or she is in the Settlement Class based on objective criteria.

3.     The Court finds that the proposed Class Counsel are competent and capable of

exercising their responsibilities, and that they and the proposed Class Representatives have fairly

and adequately represented the interests of the Settlement Class.

4.     The Court appoints as Class Counsel for the Settlement Class:

     a.   Gregory F. Coleman, Rachel Soffin, and Lisa A. White of Greg Coleman

         Law PC;

     b.   Daniel K. Bryson and Harper Segui of Whitfield Bryson LLP; and

     c.   Andrea Gold and Hassan A. Zavareei of Tycko & Zavareei LLP.

5.     The Court appoints Plaintiffs Michael Hamm, Jill Brown, Austin Russell, Christian

Lammey, Nancy James, Jill Wittman and Thomas Macone ("Plaintiffs") as Class Representatives

for the Settlement Class in this Action.

## PRELIMINARY APPROVAL OF SETTLEMENT

6.     Under Federal Rule of Civil Procedure 23(e), the "claims, issues, or defenses of a

certified class may be settled, voluntarily dismissed, or compromised only with the court's

approval." Fed. R. Civ. P. 23. "In determining whether to approve a proposed settlement, the

cardinal rule is that the District Court must find that the settlement is fair, adequate and reasonable

. . .." _In re: Corrugated Container Antitrust Litigation_, 643 F.2d 195, 206 (5th Cir. 1981) (citing

_Cotton v. Hinton_, 559 F.2d 1326, 1330 (5th Cir. 1977)); _see also_ _Greco v. Ginn Dev. Co., LLC_,

635 F. App'x 628, 632 (11th Cir. 2015); Fed. R. Civ. P. 23(e)(2).

7.      A strong presumption exists in favor of a settlement's fairness. *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982); *Cotton*, 559 F.2d at 1331. Settlements are "highly favored" and "will be upheld whenever possible because they are a means of amicably resolving doubts and preventing lawsuits." *Miller v. Republic Nat'l Life Ins. Co.*, 559 F.2d 426, 428 (5th Cir. 1977). The public policy favoring settlement agreements is particularly strong in complex class action litigation where voluntary pretrial settlements obviate the need for expensive and time-consuming litigation. *See Bass v. Phoenix Seadrill/78, Ltd.*, 749 F.2d 1154, 1164 (5th Cir. 1985); *Manchaca v. Chater*, 927 F. Supp. 962, 966 (E.D. Tex. 1996). Absent fraud or collusion, trial courts should be hesitant to substitute their own judgment for the judgment of counsel in arriving at a settlement. *Cotton*, 559 F.2d at 1330.

8.      The Eleventh Circuit Court of Appeals uses a six-factor test for assessing the fairness, reasonableness, and adequacy of a class settlement. The factors are: (a) whether the settlement was a product of fraud or collusion; (b) the complexity, expense, and likely duration of the litigation; (c) the stage of the proceedings and the amount of discovery completed; (d) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (e) the possible range of recovery and the certainty of damages; and (f) the respective opinions of the participants, including class counsel, class representatives, and absent class members. *See Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984), citing 1982-2 Trade Cas. at 72, 106, citing, inter alia, *Container II*, 643 F.2d at 207-08; *Cotton*, 559 F.2d at 1330-31; *Miller*, 559 F.2d at 428-29.

9.      Based on review of the record, the manner of negotiation, and the Settlement Agreement, there is no evidence indicating that the Settlement falls outside the requirements of the Eleventh Circuit's test articulated above, and the Court concludes the Settlement is fair, adequate,

and reasonable.  The terms of the Settlement Agreement, including all exhibits thereto, appear to be in the range of reason and are fair, reasonable, and adequate, and the Settlement Agreement is hereby preliminarily approved.  This Order incorporates the Settlement Agreement, and terms used in this Order that are defined in the Settlement Agreement have the same meanings.

10.     The Settlement Agreement provides comprehensive relief and compensation to eligible members of the Settlement Class. It was entered into after arm's-length negotiations by experienced counsel on behalf of the Settlement Class.

11.     As described in detail in the Settlement Agreement, these benefits include the following:

a.  Extended Warranty: All Class Members shall receive an extension of the existing manufacturer's warranty for Documented Arcing Claims[3] within any Class Microwave. The Extended Warranty shall extend the term of the existing manufacturer's warranty of one (1) year for parts and labor, and five (5) years for parts relating only to the magnetron tube, to an enhanced extended warranty of five (5) years for Documented Arcing Claims.

b.  Treatment under Extended Warranty:

i.  Replacement Microwave and Reimbursement of Labor and/or Service Costs: The extended warranty includes the opportunity to receive a new replacement Microwave, which is comparable to the existing Class

_____

[3] "Documented Arcing Claim(s)" means claim(s) for electrical arcing occurring within the waveguide part, and that may extend to the magnetron, of a Class Microwave as evidenced by (i) dated photographic evidence or other similar evidence, or (ii) written information from a non-party licensed appliance service contractor, in either case establishing the existence of the electrical arcing and the date or approximate date such claim arose.  (*See* Exhibit 1, Settlement Agreement at section I.1.11).

Microwave, in the event of a Documented Arcing Claim, along with reimbursement of any labor and/or service costs in connection with the Documented Arcing Claims of up to $150.00 per class member.

ii.  Cash Option and Reimbursement of Labor and/or Service Costs: In lieu of a replacement Microwave, consumers who have a Documented Arcing Claim during the extended five (5) year warranty period may select a $250 cash payment.  Settlement Class Members who elect this cash payment remain entitled to reimbursement of any labor and/or service costs in connection with Documented Arcing Claims of up to $150.00 per Settlement Class Member.

iii.  Voucher and Reimbursement of Labor and/or Service Costs: In lieu of a replacement Microwave or Cash Payment, consumers who have a Documented Arcing Claim may select a $500 voucher for Sharp-branded merchandise.  Settlement Class Members who elect this option remain entitled to reimbursement of any labor and/or service costs in connection with Documented Arcing Claims of up to $150.00 per Settlement Class Member.

iv.  Consequential Damages: Settlement Class Members who elect either the cash payment or voucher option may also seek reimbursement for consequential damages of up to $200, for costs incurred to repair or cover the opening in a Settlement Class Member's kitchen cabinetry in which their Microwave was installed.

12.     In addition, any Settlement Class Member who can establish, with documented proof, that their Class Microwave experienced a Documented Arcing Claim instance within five (5) years of the date of purchase or installation of their Microwave, who did not previously receive a replacement Microwave, is entitled to replacement of their Microwave, or to the cash or voucher option, as described herein. Thus, Settlement Class Members who no longer possess their Microwave, or who possessed a Microwave for a period beyond the five (5) year extended warranty, but experienced a Documented Arcing Claim within five (5) years of the date of purchase or installation of their Microwave, have an opportunity to participate in the Settlement.

13.     There is no evidence of collusion or that Class Counsel placed their interests above those of the Settlement Class in negotiating this Settlement.  The material terms of the Settlement were agreed to prior to the Parties' discussion of attorneys' fees, costs, and expenses, and any attorneys' fees, costs and expenses awarded will be in addition to the relief provided to Settlement Class Members under the Settlement Agreement.

14.     Pending further order of the Court, all litigation activity in this case unrelated to the Settlement is hereby stayed, and Sharp's time to answer or otherwise move with respect to the Consolidated Amended Complaint is hereby extended to a date which is thirty (30) days after this stay is lifted.  Any and all of Sharp's defenses and challenges including but not limited to jurisdictional defenses, challenges to class certification, and challenges to Plaintiffs' claims, are hereby preserved.

15.     The Court retains exclusive jurisdiction to consider all further matters arising out of or connected with the Settlement Agreement.

16.    The Settlement Agreement is attached as Exhibit 1 to Plaintiff's Memorandum in Support of Preliminary Approval of the Class Action Settlement and Related Matters.  The Court approves the proposed Class Notice that is submitted as Exhibit C to the Settlement Agreement.

## CLASS NOTICE

17.    The Court finds that the manner of mailing and dissemination of the Class Notice, as described in Part IV of the Settlement Agreement and the Declaration of Tiffaney Janowicz of Rust Consulting, constitutes the best practicable notice under the circumstances as well as valid, due, and sufficient notice to all persons entitled thereto, and that the Notice Plan complies with the requirements of Rule 23 and provides Settlement Class Members due process under the United States Constitution.  The Class Notice is subject to further modification to insert the proper deadlines and as determined appropriate by the Settlement Administrator.

18.    Promptly following entry of this Order, the Parties and Settlement Administrator shall prepare the final version of the Class Notice, incorporating into it the date of the Final Approval Hearing and the Opt-Out and Objection Deadlines based on the actual date determined by the Parties and the Settlement Administrator, as set forth below.

19.    The U.S. Mail and electronic mail Class Notices shall be disseminated to the Settlement Class no later than 45 days after the entry of this Order.  The, publication notices in Good Housekeeping and People, as well as the press release, digital and banner ad Class Notices shall be disseminated as soon as practicable after entry of this Order, but in no event later than 75 days after entry of this Order.

20.    The Court appoints Rust Consulting as the Settlement Administrator.

21.     The fees and costs of the Settlement Administrator shall be paid by Sharp.

22.     The Settlement Administrator shall implement the Parties' Notice Plan, as described in Part IV of the Settlement Agreement and the Declaration of Tiffaney Janowicz of Rust Consulting.  The payment of fees and costs to the Settlement Administrator shall not be contingent upon any further action of the Court, including, without limitation, any decision on a Motion for Final Approval of the Settlement Agreement.

## FINAL APPROVAL HEARING

23.     The Court will hold a Final Approval Hearing on _____, 2020 at [TIME] in Courtroom 17 of the Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida 33602, to determine the fairness, reasonableness, and adequacy of the Settlement Agreement, and to determine whether the proposed Settlement should be finally approved, and final judgment entered thereon.  At the Final Approval Hearing, the Court will also consider Class Counsels' Motion for Approval of Attorneys' Fees and Expenses and Class Representative Service Payments.  Any Class Member who follows the procedures set forth in the Settlement Agreement may appear and be heard at the Final Approval Hearing.  The Final Approval Hearing may be continued or rescheduled without further notice to the Settlement Class.

24.     All Objections and requests for exclusion from the proposed Settlement Class must be postmarked no later than the date stated on the Class Notice, a date that shall be 60 days after dissemination of the Class Notice. Class Members wishing to exclude themselves, make objections, or file claims must otherwise comply with the requirements set forth in the Class Notice.

25.     Pending final approval, no Class Member, directly, representatively, or in any other capacity (other than a Class Member who validly and timely elects to be excluded from the

Settlement Class), shall commence, continue, or prosecute against Sharp, or any of the Released Parties any action or proceeding in any court or tribunal asserting any of the matters, claims, or causes of action that are to be released upon final approval pursuant to the Settlement Agreement, and are hereby enjoined from so proceeding.  Upon final approval, all Class Members who have not previously filed a timely request for exclusion shall be forever enjoined and barred from asserting any of the matters, claims, or causes of action released pursuant to the Settlement Agreement, and any such Class Members will be deemed to have forever released any and all such matters, claims, and causes of action as provided for in the Settlement Agreement.

26.    The Settlement Administrator shall provide Sharp and Class Counsel with copies of all Opt-Out requests no later than fourteen (14) days following the Opt-Out and Objection Deadline.

27.    Class Counsel shall file with the Court their Motion for Final Approval of Settlement Agreement, including any motion for an award of attorneys' fees, costs, and expenses and Service Payments for Class Representatives, at least fourteen (14) days before the Final Approval Hearing.

28.    The Parties entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims.  Sharp maintains that the Class Microwaves are free of defects and has at all times denied, and continues to deny, any wrongful act or omission alleged by Plaintiffs or that it owes any liability of any sort to Plaintiffs, or any Settlement Class Member. Nothing contained in the Settlement Agreement, in the documents relating to the Settlement Agreement, in the documents submitted in support of the Motion for Preliminary Approval, or in this Order, shall be construed, deemed, or offered as an admission by any of the Parties or by any

member of the Settlement Class, for any purpose in this Action, the Related Actions, or any other judicial or administrative action or proceeding of any kind, whether in law or in equity.

29.     If, for any reason, the Settlement Agreement ultimately does not become effective including, but not limited to, if the Court does not give final approval to the Settlement Agreement, Section 10.5 of the Settlement Agreement shall govern the Parties' rights and obligations, and the Parties shall proceed in all respects as if the Settlement Agreement and related documentation and orders had not been executed, and without prejudice in any way from the negotiation or fact of the Settlement or the terms of the Settlement Agreement.

30.     Nothing stated in the Settlement Agreement or in this Order shall be deemed an admission or waiver of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this Action, the Related Actions, or in any other action or proceeding of any kind.

**IT IS SO ORDERED.**


Dated: _____, 2020          _____
                                       HON. JAMES S. MOODY, JR., U.S.D.J.
                                       United States District Court
                                       Middle District of Florida